# SUPREME COURT.

FRANCIS N. WILSON, President of the Catskill Bank agt ROBERT A. FORSYTH and others.

The question in this case was whether upon a conceded state of facts, the case was a proper one to be tried by the *court* or a *jury?*

Those facts were, that the assignor, at the time he executed a general assignment for the benefit of his creditors, fraudulently and without the knowledge of the assignee, withheld from the assignee a portion of his property, and subsequently converted it to his own use; and the question was, whether this vitiated the assignment?

*Held*, that it was a proper question for the determination of the *court.* There was no occasion for the intervention of a jury.

*Albany Special Term, November*, 1857.

MOTION to vacate order.

The action was brought by the plaintiff as a judgment creditor of James C. Forsyth, to set aside an assignment executed by the judgment debtor to the defendant Robert A. Forsyth. On the 24th of April, 1855, an order was made upon application of the plaintiff, directing that the question involved in the pleadings, whether or not the assignment was made with intent to hinder, delay or defraud creditors, should be tried by a jury. It was so tried in November, 1855, and the trial resulted in a verdict for the plaintiff. A case containing exceptions having been made by the defendant Robert A. Forsyth, a motion was made at the Albany general term, held in March, 1855, to set aside the verdict, and in May following, an order was made granting a new trial.

The object of this motion was to vacate the order of the 24th of April, 1855, by which it was directed that the issues in the action be tried by a jury. The grounds of the motion sufficiently appear in the opinion of the court.

R. H. KING, *for plaintiff.*

A. J. PARKER, *for defendant R. A. Forsyth.*

HARRIS, Justice.   It appears from the history of the trial which has already been had in this action, that James C. Forsyth, at the time he executed the assignment, had in his possession about the sum of $5,000 in cash, with which immediately thereafter he absconded.   It was not proved, nor is it now pretended, that the assignee had any knowledge of this fact. The single question upon which this action depends is, whether the fact that the assignor at the time he executes a general assignment for the benefit of his creditors, fraudulently and without the knowledge of the assignee, withholds from the assignee a portion of his property, and subsequently converts it to his own use, vitiates the assignment.   The facts being undisputed, a question is presented for the determination of the court. There is no occasion for the intervention of a jury.   It is not pretended that upon another trial, any different state of facts will be presented.   In that case, there would be nothing for the jury to decide.   It would be the duty of the court to direct a verdict for the plaintiff or the defendant, according to the view it might take of the legal effect of these undisputed facts. Under these circumstances, I think the order should be vacated.   It is not a proper case for granting costs upon the motion to either party.